**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR ALEJANDRO RADILLO, | No. 15-16791 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-00280-TLN-EFB |
| v. | |
| DAVID B. LONG, | MEMORANDUM[*] |
| Respondent-Appellee. | |

| | |
|---|---|
| ALBERTO SANCHEZ, | No. 15-16864 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-00491-TLN-EFB |
| v. | |
| DANIEL PARAMO, | |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted January 9, 2018[**]
San Francisco, California

Before:  WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

The district court properly denied Edgar Radillo's and Alberto Sanchez's petitions for habeas corpus.  The state court's decision that the prosecutor did not use her first five peremptory strikes in a racially motivated manner was not "contrary to" or "an unreasonable application of[] clearly established Federal law," nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)–(2).  We therefore affirm.

The state appellate court properly performed the third step of the *Batson*/*Wheeler* analysis.  *See Batson v. Kentucky*, 476 U.S. 79, 96–98 (1986); *People v. Wheeler*, 583 P.2d 748, 764–65 (Cal. 1978); *Lewis v. Lewis*, 321 F.3d 824, 830–31, 834 (9th Cir. 2003).  Although the appellate court was not "in an ideal position to conduct a step three evaluation," it was able to "use the trial court's findings and the evidence on the record to evaluate the support on the record for the prosecutor's reasons and credibility, and to compare the struck and empaneled jurors." *Lewis*, 321 F.3d at 832.  The state court compared the five

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

struck jurors with the retained jurors of different races and found that Radillo and Sanchez had failed to "establish[] purposeful discrimination." *Id.* at 830 (quoting *Batson*, 476 U.S. at 98). To make this determination, the court "evaluate[d] the 'totality of the relevant facts' to decide 'whether counsel's race-neutral explanation for a peremptory challenge should be believed.'" *Ali v. Hickman*, 584 F.3d 1174, 1180 (9th Cir. 2009) (quoting *Kesser v. Cambra*, 465 F.3d 351, 359 (9th Cir. 2006) (en banc)). The court did not, as Radillo and Sanchez argue, supply its own race-neutral justifications for the prosecutor's peremptory strikes: It instead engaged in a proper comparative analysis of the struck and empaneled jurors based on the justifications provided by the prosecutor at trial.

**AFFIRMED.**